IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PATRICK JACKSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:18CV1007<br>1:10CR170-1 |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a Motion [Doc. #59] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He was convicted in this Court of one count of bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d) and one count of carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Petitioner received a sentence of 110 months of imprisonment for the bank robbery and a consecutive sentence of 84 months for his use of a firearm during the robbery. Respondent filed a Motion to Dismiss [Doc. #66], Petitioner filed a Response [Doc. #68], and the parties' motions are now before the Court.

Petitioner's pending § 2255 Motion raises three grounds for relief. In his first claim, he challenges his conviction under § 924(c)(1)(A)(ii) by contending that the conviction is no longer valid following Johnson v. United States, 576 U.S. 591 (2015). His second claim is restatement of that same contention. Finally, in his third claim for relief, Petitioner alleges ineffective assistance of counsel because his prior counsel failed to raise the argument that now underlies his first two claims for relief.

Respondent requests dismissal on the ground that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). In considering this contention, the Court notes that the one-year limitation period begins to run from the latest of several potential starting dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. <u>Clay v. United States</u>, 537 U.S. 522 (2003). Here, Petitioner filed a direct appeal, which he later withdrew, prompting the United States Court of Appeals to dismiss it on April 5, 2013. Therefore, his conviction was final, at the latest, on that date. Assuming that his time to file his § 2255 Motion under subsection (f)(1) began to run on that date, it expired a year later on April 5, 2014. Although Petitioner made a number of filings in this

2

Court over the years, his first attempted filing was in March 2015, a year out of time, and he did not raise his current claims for relief until September 25, 2018, when he signed and mailed a prior Motion [Doc. # 52] which the Court dismissed for procedural reasons before Petitioner brought his current § 2255 Motion. Even using that earlier date, Petitioner's claims are years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his Motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his Motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies on Johnson as the basis of his first two claims, but Johnson does not provide Petitioner with more time to file those claims under subsection (f)(3). Petitioner contends that, under Johnson, the residual clause found in § 924(c)(3)(B) is unconstitutionally vague. Indeed, the United States Supreme Court later held this residual clause provision to be unconstitutionally vague based on the principles discussed in Johnson. See United States v. Davis, ___ U.S. ___, 139 S. Ct. 2319 (2019). Nevertheless, neither case renders Petitioner's claim timely because they do not provide him with any basis for relief. Petitioner was convicted under § 924(c)(1)(A)(ii) for using and carrying a firearm during and in relation to a "crime of violence", defined under § 924(c)(3) as a felony offense that:

3

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Petitioner's predicate "crime of violence" was armed bank robbery under 18 U.S.C. § 2113(d), which falls within the force clause of § 924(c)(3)(A) and is categorically a "crime of violence" under that subsection. See United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016). Thus, the invalidation of the residual clause of § 924(c)(3)(B) by Davis does not render the claim timely under subsection (f)(3) and does not provide Petitioner with meritorious grounds on which to challenge his conviction based on § 924(c)(3)(A). The claims would also fail under McNeal even if considered on their merits. Thus, Petitioner's claim challenging his conviction under § 924(c)(1)(A)(ii) is not only untimely, but also fails on the merits. Additionally, there is no possibility that counsel provided ineffective assistance to Petitioner by failing to raise meritless claims.

Finally, Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his Motion are based on facts that existed and were known to him at the time his Judgment was entered. Cases decided subsequent to Petitioner's direct appeal do not constitute new facts affecting the statute of limitations under subsection (f)(4). United States v. Whiteside, 775 F.3d 180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply.

The Court notes that the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable

tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner makes no argument that equitable tolling applies in his case. His claims are both untimely and without merit and should be dismissed accordingly.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #66] be granted, that Petitioner's Motion [Doc. #59] to vacate, set aside or correct sentence be dismissed, that judgment be entered dismissing the action, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 7th day of October 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
